

CALIFORNIA
# DEPARTMENT OF JUSTICE

**Rob Bonta**
Attorney General

300 S. Spring Street, Suite 1702
Los Angeles, CA 90013

Telephone: 213-269-6356
E-Mail: charles.sarosy@doj.ca.gov

July 10, 2026

**VIA CM/ECF**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *Renna, et al. v. Bonta*, *et al.*, No. 23-55367
      Response to Fed. R. App. P. 28(j) Letter re: *Viramontes* and *Wolford*

Dear Ms. Dwyer:

Appellees raise *Viramontes v. Cook County*, No. 25-238 and *Grant v. Higgins*, No. 25-566, which will resolve "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." Contrary to Appellees' view, this case does not involve "*bans* on certain types or models of arms." ECF 59 at 1; AOB 42-43; Reply 9-11. Rather, this case concerns the constitutionality of feasible safety requirements that new models of semiautomatic pistols must satisfy to be available for retail sale in

July 10, 2026
Page 2

California. AOB 4, 8-9 .[1] Nonetheless, the Attorney General defers to this Court on whether to hold the case pending *Viramontes*.

Second, *Wolford v. Lopez*, 609 U.S. ___, 2026 WL 1825723 (U.S. June 25, 2026) does not address the standard for evaluating laws that impose conditions and qualifications on the commercial sale of arms. *Wolford* reiterated that the analysis under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 24 (2022) "involves two steps[.]" 2026 WL 1825723 at *6. Appellees overlook that the first step "entails three subsidiary questions" (*id.*), not just one. The first step also asks whether the law places "any restrictions on the 'keeping' (*i.e.*, possession) or the 'bearing' (*i.e.*, carrying) of arms." *Id.* There was no dispute over this question in *Wolford*, but here, safety requirements that manufacturers have incorporated into new pistol models now available for retail sale do not "meaningfully constrain" the keeping or bearing of arms. *See B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 118 (9th Cir. 2024), *cert. denied*, No. 24-598. Even if the Court proceeds to the history, unlike in *Wolford*, the historical laws here are not "vastly different" in purpose and effect. 2026 WL 1825723 at *12. The proving and gunpowder storage laws, like

---

[1] Over 100 models of semiautomatic pistols with a chamber load indicator and/or a magazine disconnect mechanism are currently available for retail sale in California. *Handguns Certified for Sale*, https://tinyurl.com/mw7nm4fm; Appellants' Suppl. Br. 6-7.

July 10, 2026
Page 3

the challenged features, are safety measures to protect consumers from firearms

that do not operate as intended. AOB 36-43; Appellants' Suppl. Br. 8-12.

Sincerely,

*/s/ Charles J. Sarosy*

CHARLES J. SAROSY
Supervising Deputy Attorney General

For   ROB BONTA
Attorney General

cc:  All Counsel of Record (via CM/ECF)

# CERTIFICATE OF SERVICE

Case Name:  **Lana Rae Renna et al. v. Rob**          Case    **23-55367**
            **Bonta, et al. [Appeal]**                No.

I hereby certify that on <u>July 10, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**LETTER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 10, 2026</u>, at Los Angeles, California.

| Anthony Conklin | *Anthony Conklin* |
|---|---|
| Declarant | Signature |

SA2023302191
68579618.docx